# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | |
|---|---|
| ALEXANDRIA HAINES, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CENGAGE LEARNING, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 1:24-cv-00710-MWM |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE REPORT & RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff Alexandria Haines respectfully submits this response to Defendant's Objections to the Report & Recommendation ("R&R") on Defendant's Motion to Dismiss. *See* Defendant's "Objections" ("Objections"), ECF No. 19.

## I. INTRODUCTION

Plaintiff brings this consumer class action to remedy Defendant's disclosures of the private video purchases made on its website by consumers to Meta Platforms, Inc., to increase its customer base and boost sales in the two years preceding the filing of this action. On January 7, 2025, the Court referred this action to Chief U.S. Magistrate Judge Karen L. Litkovitz "to rule on all motions except summary judgment motions[.]" ECF No. 5 at PageID 35. On May 5, 2025, Judge Litkovitz thoroughly examined the Parties' arguments against all relevant case law and recommended that Defendant's Motion to Dismiss, ECF No. 10, be denied in its entirety.

On May 19, 2025, Defendant filed objections to Judge Litkovitz's R&R. ECF No. 19. Defendant claims "the Report misapprehends Cengage's position" with respect to nearly all conclusions reached by the Chief Magistrate Judge, which, if reviewed *de novo*, frustrates the intent of the Federal Magistrate's Act because this Court would go through the same procedures and steps initially referred to Judge Litkovitz. Such general objections are a practice that this Court and the Sixth Circuit have discouraged, as it renders the Court's initial reference to the magistrate judge useless. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to object[].")); *Oliver v. Hamilton Cnty. Ct. of Common Pleas*, No. 1:23-CV-57, 2023 WL 3743055, at *1 (S.D. Ohio May 30, 2023).

Defendant's Objections should also be overruled because they do nothing more than rehash the arguments that were already presented, thoroughly considered, and properly rejected in the

1

R&R. *See Oliver*, 2023 WL 3743055, at *1 ("rehashing the same arguments made previously defeats the purpose and efficiency of the Federal Magistrate's Act"). The objections cannot demonstrate any error or flaw in Judge Litkovitz's evaluation of Defendant's arguments that would result in a different outcome being reached on *de novo* review. *See e.g., Finnell v. Eppens*, No. 1:20-CV-337, 2024 WL 3269743, at *3 (S.D. Ohio July 2, 2024) (overruling a party's objections to a report when the magistrate judge incorrectly relied on a state procedural rule to reach its ultimate recommendation because the outcome of the motion was otherwise the same and comported with other Sixth Circuit precedent). For these reasons, the Objections should be overruled.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 636, a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition[.]" 28 U.S.C. § 636(b)(1)(B). The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A *de novo* determination does not require that a district judge conduct a hearing. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *United States v. Holland*, 980 F.2d 731 (6th Cir. 1992). A general objection is an objection that does not direct the "district court's attention" to "any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard*, 932 F.2d at 509. A district judge is free to disregard general objections because such objections have "the same effect as would a failure to object[]." *See id.* A specific objection, on the other hand, will direct a "district judge's attention to specific issues decided by the magistrate" judge that are contrary to the parties' position. *See Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994).

### III. ARGUMENT

#### A. The Objections Should be Overruled Because They Simply Rehash All Arguments Properly Rejected by the Magistrate Judge

The Objections should be overruled because they simply repeat the same arguments already presented to and rejected by the Chief Magistrate Judge.

Specific objections direct a "district judge's attention to specific issues decided by the magistrate" judge that are contrary to the objecting party's position. *See Kelly*, 25 F.3d at 366. To avoid duplication of effort by the district judge, a proper objection should clearly identify the issue within the report and the source of the error. *See Howard*, 932 F.2d at 509. Indeed, "merely referring to some parts of the previously-filed memorandum" while highlighting other aspects is insufficient to create a specific objection. *See Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997). Rehashing an argument in an objection is an inappropriate tactic for seeking *de novo* review of a magistrate judge's recommendation. *See R.Z. by B.Z. v. Cincinnati Pub. Sch.*, No. 1:21-CV-140, 2023 WL 1097977, at *1 (S.D. Ohio Jan. 30, 2023).

Here, Defendant seeks to rehash three arguments considered and rejected by Chief Magistrate Judge Litkovitz. Not a single argument by Defendant has merit.

First, Defendant attempts to rehash its erroneous argument that Article III standing does not exist. *Compare* ECF No. 19 at PageIDs 174-75 *with* ECF No. 10 at PageIDs 63-66. Plaintiff has adequately alleged and established that Article III standing exists because, as Judge Litkovitz explained, "[t]he problem with defendant's specific arguments, however, is they go directly to the merits of plaintiff's VPPA claim, i.e., is what defendant allegedly disclosed PII under the VPPA." *See* ECF No. 18 at PageID 156 (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) ("[i]f . . . an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should 'find that jurisdiction exists and deal

3

with the objection as a direct attack on the merits of the plaintiff's claim")). It is unrefuted and Defendant has conceded that the "Medical Billing and Coding" course contains a video, Plaintiff privately purchased that video course, and that the title of this video was disclosed to Meta via the Meta Pixel, all of which are facts sufficient to establish a concrete injury from Defendant's disclosure of private video information in violation of the VPPA.

Rather than quarrel with binding Sixth Circuit precedent, Defendant attempts to transform its general objection into a specific objection by attacking several of Judge Litkovitz's conclusions and erroneously asserting that (1) "the Report conflates a general category of something (say, for instance, the genre of a movie) with a specific thing within the category (information reflecting the specific movie within than genre)" ECF No. 19 at PageID 177; (2) "The Report's focus on the word 'specific,' to the exclusion of the phrase 'video materials or services,' runs afoul of the 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme'" *see id.*, at PageID 178; (3) "The Report recommends an unwarranted inference in Plaintiff's favor because the URL referenced in Plaintiff's complaint links to a webpage that contains no video material, nor reference to any specific video material whatsoever" *see id.*, at PageID 179; and (4) "the Report relies on certain cases to support its conclusion that 'other Courts considering similar complaints have not demanded 'granular' specificity at the pleading stage.' . . . [but] [t]hese cases all involve plaintiffs who have alleged far more than Plaintiff here – including that the defendant disclosed the specific name of the video materials watched or obtained by the plaintiff – a level of pleading sufficiency required to establish a claim under the VPPA." ECF No. 19 at PageID 182.

However, Judge Litkovitz carefully considered each of these arguments, correctly rejecting each argument as having invoked the merits of Plaintiff's claims, and correctly recommended that

4

this Court find Article III standing exists because the claimed injury involves a disclosure of private information as recognized by the Sixth Circuit in *Salazar v. Paramount Global*, 133 F.4th 642, 650 (6th Cir. 2025). *See* ECF No. 18 at PageID 158 ("Regardless of how the alleged harm is specifically characterized here, it involves the disclosure of private information"). Judge Litkovitz's recommended conclusion is consistent with every other federal circuit court of appeals that has addressed the issue. *See also Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 542 (2d Cir. 2024) (finding Article III standing because the "core allegation is that his personally identifiable information was exposed to an unauthorized third party. . . This alleged harm is closely related to the public disclosure of private facts analog."); *In re: Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) ("The purported injury here is clearly particularized, as each plaintiff complains about the disclosure of information relating to his or her online behavior. While perhaps 'intangible,' the harm is also concrete in the sense that it involves a clear de facto injury, i.e., the unlawful disclosure of legally protected information."); *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014) ("By alleging that Redbox disclosed their personal information in violation of the VPPA, Sterk and Chung have met their burden of demonstrating that they suffered an injury in fact that success in this suit would redress."); *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982–84 (9th Cir. 2017) (same); *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1339–41 (11th Cir. 2017) ("[W]e hold that a plaintiff such as Perry has satisfied the concreteness requirement of Article III standing, where the plaintiff alleges a violation of the VPPA for a wrongful disclosure.").

Second, Defendant attempts to rehash its statutory construction argument that the term "specific" as used in the VPPA's definition of PII, modifies "person" rather than the term it appears directly in front of, i.e., "video materials or services," and when applying this construction,

Defendant has not disclosed PII to any ordinary person because the "URL simply contains the name of a course; it is not the name or URL of a video[.]" *Compare* ECF No. 19 at PageIDs 176-83 *with* ECF No. 10 at PageIDs 67-73. Defendant is merely repeating its call for this Court to adopt the non-binding "ordinary person" standard over the First Circuit's reasonably foreseeable standard for PII, and Defendant argues that Judge Litkovitz erred in her evaluation of whether PII has been alleged because Judge Litkovitz did not agree with Defendant. Judge Litkovitz did not however recommend adopting either standard since the Sixth Circuit has not yet spoken on the issue and because "the result is the same under both" standards. *See* ECF No. 18 at PageID 163. Indeed, district courts applying the ordinary person standard to allegations materially similar to Plaintiff's allegations in this case have reached the same conclusion as Judge Litkovitz. *See Jackson v. Fandom, Inc.*, No. 22-CV-04423-JST, 2023 WL 4670285, at *4 (N.D. Cal. July 20, 2023) (applying the ordinary person test and finding that "the Court may reasonably infer that an ordinary person could readily identify a specific Facebook user on the basis of a Facebook Profile ID."); *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 159 (S.D.N.Y. 2023) (finding that the "allegations here satisfy either standard.").

Defendant further reargues that the exemplar URL does not disclose a "specific" video, but the Complaint alleges that the "Medical Billing and Coding" course itself is a video and, at a minimum, satisfies the second category of PII because it is alternatively a video service. Judge Litkovitz properly examined Defendant's argument and rejected them in due course, as numerous other courts have done. *See e.g., Cantu v. Tapestry, Inc.*, No. 22-CV-1974- BAS-DDL, 2023 WL 4440662, at *4 (S.D. Cal. July 10, 2023) (that a plaintiff is "under no obligation to provide figures such as screenshots to bolster his pleading" and accepting the allegations as true, "it can be permissibly inferred that [p]laintiff's data was" disclosed in a similar manner as the tester "when

[plaintiff] visited the website."); *Feldman v. Star Trib. Media Co. LLC*, 659 F. Supp. 3d 1006, 1021 (D. Minn. 2023) ("I'll grant that the screen shot the Complaint provides as an example does not show disclosure of personally identifiable information as obviously as a profile or list that might have been produced by a video-rental store in 1987. But as the Complaint describes it, the information is both reasonably comprehensible and plausibly as usable[.]"); *see generally Manza v. Pesi, Inc.*, No. 24-CV-690-JDP, 2025 WL 1445762, at *12 (W.D. Wis. May 20, 2025) ("The bottom line is that [defendant] seeks to require [plaintiff] to plead information that Rule 8 does not require. At this stage, [plaintiff] need only raise a right to relief above the speculative level.").

Third, Defendant attempts to rehash its argument that a Facebook ID ("FID") does not identify an ordinary person by citing an unbinding decision, *Solomon v. Flipps Media, Inc.*, ---F.4th---, 2025 WL 1256641, at *1 (2d Cir. May 1, 2025), which held that an "FID" is not personally identifiable information in stark contrast to the vast majority of federal district and circuit courts that have held otherwise. *Compare* ECF No. 19 at PageID 184 *with* ECF No. 10 at PageIDs 71-72 and 74-75.[1] Judge Litkovitz properly examined Defendant's argument and rejected it, explaining that:

> Defendant (or indeed, any ordinary person) need only append an individual's FID number sequence to "Facebook.com/" to generate that individual's Meta profile, which in turn contains an individual's name and other information. It is not

---

[1] Interestingly, the Second Circuit panel that decided *Solomon* did not articulate a brightline rule that a Facebook ID will never satisfy the "ordinary person" standard. Correctly so, because that panel's decision would then have to explicitly overrule countless federal district court decisions from New York alone spanning a decade that hold otherwise. *See Robinson v. Disney Online*, 152 F. Supp. 3d 176, 184 (S.D.N.Y. 2015) ("A Facebook ID, as the *Hulu* court found, is thus equivalent to a name—it stands in for a specific person, unlike a device identifier."); *Czarnionka v. Epoch Times Ass'n, Inc.*, No. 22 CIV. 6348 (AKH), 2022 WL 17069810, at *3 (S.D.N.Y. Nov. 17, 2022) ("The FID itself represents a particular individual."); *Lamb v. Forbes Media LLC,* No. 22-CV-06319-ALC, 2023 WL 6318033 (S.D.N.Y. Sept. 28, 2023); *Golden*, 688 F. Supp. 3d at 159; *Lee v. Springer Nature Am., Inc.*, No. 24-CV-4493 (LJL), 2025 WL 692152, at *15 (S.D.N.Y. Mar. 4, 2025). Therefore, *Solomon* is limited to the specific allegations in that complaint, which are unlike the allegations before this Court.

7

> necessary to combine the FID with other information in the hands of a third party or to conduct additional investigation to discover an individual's identity . . . Even the *In re Nickelodeon* court acknowledged that something like a FID could be sufficient to state a claim. *See id.* at 290 ("Some disclosures predicated on new technology, such as . . . customer ID numbers, may suffice."). An FID both permits an ordinary person to identify a specific person, and is reasonably and foreseeably likely to reveal a specific person.

*See* ECF No. 18 at PageIDs 163-164 (collecting cases).

Judge Litkovitz's recommendation is further bolstered by Judge Peterson's decision in *Manza v. Pesi, Inc.*, No. 24-CV-690-JDP, 2025 WL 1445762 (W.D. Wis. May 20, 2025), wherein that court considered and rejected the Second Circuit's erroneous and allegation-dependent conclusions reached in *Solomon*, and instead held that an FID, like customer IDs, was PII as defined by the VPPA. *See* 2025 WL 1445762, at *4-9. Defendant's Objections do not provide any specific basis as to why or how Judge Litkovitz erred. Instead, Defendant simply repeats the same arguments previously made and that Judge Litkovitz rejected. Therefore, the Objections should be overruled.

As a final matter, Defendant's Objections should be viewed as general objections because they simply disagree with every finding made by Judge Litkovitz. *See e.g.*, *Howard*, 932 F.2d at 509 ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to object[]."); *Oliver*, 2023 WL 3743055, at *1; *R.Z. by B.Z.*, 2023 WL 1097977, at *1 ("These general objections are not sufficient to preserve any issues for review"); *Carrie S. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1026, 2022 WL 1751588, at *1 (S.D. Ohio May 31, 2022) (same).

### B.    DEFENDANT IS NOT ENTITLED TO ORAL ARGUMENT

As a final matter, and to the extent that Defendant purports to request oral argument on the objections to the R&R, Defendant's request should be denied because Defendant neither explains

8

why oral argument is necessary nor offers any substantive argument in favor of its request. Indeed, U.S. Supreme Court and Sixth Circuit precedent confirm that *de novo* review does not require a district court to hold a hearing. *See Raddatz,* 447 U.S. at 676; *Holland*, 980 F.2d at 731. It is therefore within this Court's discretion to hold a hearing. Plaintiff respectfully submits that a hearing is unnecessary for the reasons explained above and because Judge Litkovitz thoroughly considered and rejected each argument that Defendant raised in its motion to dismiss. Therefore, the Objections should be overruled.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that the Court overrule Defendant's Objections to the R&R on Defendant's Motion to Dismiss.

Dated: June 2, 2025

Respectfully submitted,

**HEDIN LLP**

*By: /s/ Elliot O. Jackson*
Elliot O. Jackson (pro hac vice)
Florida Bar No. 1034536
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
ejackson@hedinllp.com

and

**O'CONNOR, HASELEY & WILHELM LLC**

Daniel J. O'Connor Jr.
Ohio Bar No. 91397
O'Connor, Haseley & Wilhelm LLC
470 W. Broad St., Suite 15
Columbus, OH 43215
Telephone: (614) 572-6762
Facsimile: (614) 937-8872

doconnor@goconnorlaw.com

*Counsel for Plaintiff and Putative Class*