UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| ALEXANDRIA HAINES, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 1:24-cv-00710-MWM |
| v. | Hon. Matthew W. McFarland |
| CENGAGE LEARNING, INC., | Magistrate Judge Karen L. Litkovitz |
| Defendant. | |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF ITS OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Defendant Cengage Learning, Inc. ("Cengage") respectfully submits this Notice of Supplemental Authority to inform the Court of the Second Circuit's recent decision affirming the dismissal of claims brought under the Video Privacy Protection Act ("VPPA") in *Hughes v. National Football League*, No. 24-2656, 2025 WL 1720295 (2d. Cir. June 20, 2025) (Summary Order) (the "*Hughes* Opinion"). A copy of the *Hughes* decision is attached hereto as Exhibit A.

The *Hughes* Opinion supports the arguments Cengage raised both in its Motion to Dismiss Plaintiff's Complaint and its Objections to the Report and Recommendation to Deny Cengage's Motion to Dismiss. The *Hughes* Opinion was issued after the parties completed briefing on Cengage's Objections to the Report and Recommendations on its Motion to Dismiss Plaintiff's Complaint.[1] In the *Hughes* Opinion, the Second Circuit reaffirmed the principle that "personally identifiable information" under the VPPA does *not* include "information that only a sophisticated technology company could use" in order to "identify a consumer's video-watching habits," such

---

[1] Plaintiff filed her Response to Defendant's Objections to the Report and Recommendation on June 2, 2025.

as information transmitted by the Meta Pixel. *Id.* at *2 (quoting *Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 52 (2d Cir. 2025)). As the *Hughes* court aptly stated, Second Circuit precedent has "effectively shut the door for Pixel-based VPPA claims." *Id.*

The same result should occur here: Plaintiff has not plausibly alleged the disclosure of her personally identifiable information, as is necessary to state a VPPA claim, in part because Plaintiff effectively alleges that the only "personally identifiable information" disclosed was strings of code transmitted to Meta via the Meta Pixel. But as the Second Circuit has decisively held, the ordinary person could not glean Plaintiff's identity, nor any video-watching behavior, from these strings of code, and so this "disclosure" did not contain personally identifiable information at all. Accordingly, pursuant to the Second Circuit's interpretation of "personally identifiable information" under the VPPA, this Court should reject the Report and Recommendation and grant Cengage's Motion to Dismiss.

Dated: July 9, 2025

Respectfully submitted,

By: */s/ Jennifer Snyder Heis*
Jennifer Snyder Heis (0076181) (Trial Attorney)
Kevin M. Bandy (0095721)
UB GREENFELDER LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 698-5058
Fax: (513) 698-5001
jheis@ubglaw.com
kbandy@ubglaw.com

Matthew C. Wolfe (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700
Fax: (312) 558-1195
mwolfe@shb.com

Jenn O. Hatcher (admitted *pro hac vice*)
Kevin M. Cole (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
jhatcher@shb.com
kcole@shb.com

***Counsel for Defendant,
Cengage Learning, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

>*/s/ Jennifer Snyder Heis*
>Jennifer Snyder Heis
>
>***Counsel for Defendant,***
>***Cengage Learning, Inc.***