UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| ALEXANDRIA HAINES, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>CENGAGE LEARNING, INC.,<br><br>      Defendant. | Civil Action No. 1:24-cv-00710-MWM |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Plaintiff Alexandria Haines respectfully submits this response to Defendant's Notice of Supplemental Authority in Support of Its Objections to the Report and Recommendation. *See* Defendant's Notice ("Notice"), ECF No. 29. In support, Plaintiff states as follows:

1. Defendant's Notice informs this Court of *Hughes v. National Football League*, No. 24-2656, 2025 WL 1720295 (2d Cir. June 20, 2025). While the Notice correctly notes that *Hughes* is a summary order, it should be completely disregarded for three compelling reasons.

2. First, Defendant deliberately and selectively omitted the first page of the *Hughes* order because it critically undermines the weight that Defendant places on that decision. Indeed, the first page of *Hughes* prominently states in bold and capitalized letters: "**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT**." A true and accurate copy of Hughes is attached as **Exhibit A**.

3. Second, *Hughes* offers no persuasive value for the compelling reasons Plaintiff articulated in her Response to Defendant's Objections to the Report and Recommendation concerning the *Solomon* decision. *See* ECF No. 20 at PageID 195-96. *Solomon* and, by extension, *Hughes* created the most restrictive and legally flawed interpretation of "personally identifiable information" to date that directly conflicts with the well-established precedents of the First, Third, and Ninth Circuits. Therefore, Defendant cannot credibly rely on the Third and Ninth Circuits' "ordinary person" interpretation at oral argument and in their briefing on the motion to dismiss, which leaves room for numerical identifiers to qualify as PII, and then later disingenuously claim error by the Magistrate Judge for failure to consider the Second Circuit's novel and conflicting interpretation, which leaves no room for numerical identifiers to qualify as PII. Defendant's contradictory position is untenable and logically incoherent.

1

4.     Third, the appellant in *Solomon* has requested rehearing *en banc*, which remains pending at this time, and may imminently lead to the reversal of both *Solomon* and *Hughes*, thereby undermining their authority. A true and accurate copy of Detrina Solomon's Petition for Rehearing is attached as **Exhibit B**. Plaintiff fully adopts and incorporates by reference the compelling arguments made within the petition as further reasons this Court should decisively reject *Solomon* and *Hughes*.

Dated: July 9, 2025

Respectfully submitted,

**O'CONNOR, HASELEY & WILHELM LLC**

*By: /s/ Daniel J. O'Connor Jr.*
Daniel J. O'Connor Jr.
Ohio Bar No. 91397
O'Connor, Haseley & Wilhelm LLC
470 W. Broad St., Suite 15
Columbus, OH 43215
Telephone: (614) 572-6762
Facsimile: (614) 937-8872
doconnor@goconnorlaw.com

and

**HEDIN LLP**

Elliot O. Jackson (pro hac vice)
Florida Bar No. 1034536
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
ejackson@hedinllp.com

*Counsel for Plaintiff and Putative Class*