**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | |
|---|---|
| ALEXANDRIA HAINES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENGAGE LEARNING, INC.,<br><br>Defendant. | Civil Action No. 1:24-cv-00710-MWM<br><br>Hon. Matthew W. McFarland<br><br>Magistrate Judge Karen L. Litkovitz |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF ITS OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Defendant Cengage Learning, Inc. ("Cengage") respectfully submits this Notice of Supplemental Authority to inform the Court of the recent Opinion & Order entered by Judge Douglas R. Cole of the United States District Court for the Southern District of Ohio, dismissing the plaintiff's Video Privacy Protection Act ("VPPA") claim in *Lovett v. Continued.com, LLC*, No. 1:24-cv-590, 2025 WL 1809719 (S.D. Ohio July 1, 2025) (Opinion & Order) (the "*Lovett* Opinion"). A copy of the *Lovett* opinion is attached hereto as Exhibit A.[1]

The *Lovett* Opinion squarely supports the very arguments Cengage raised both in its Motion to Dismiss and its Objections to the Report and Recommendation. Specifically, the *Lovett* court confirmed Cengage's position that to state a VPPA claim, a plaintiff must allege the *specific titles* and URLs of the videos watched, requested, or accessed.

In *Lovett*, the court considered nearly identical allegations to those in this case: (1) the defendant operated a "family of websites" offering subscription access to pre-recorded educational

---

[1] The *Lovett* Opinion was issued on July 1, 2025—after the parties completed briefing on Cengage's Objections to the Report and Recommendations on its Motion to Dismiss Plaintiff's Complaint.

videos; (2) these websites utilized the Meta Pixel; (3) the plaintiff purchased a subscription to access prerecorded videos about a specific subject (there, speech pathology); and (4) the Meta Pixel disclosed the subscription purchase to Meta. *Id.* at *1.

The defendant in *Lovett* argued (among other things) that the plaintiff's VPPA claim failed because she did not allege the titles and URLs of the specific videos allegedly disclosed—an argument identical to Cengage's arguments in this case. *Id.* at *3. The court agreed, holding that a VPPA claim can survive dismissal only if the plaintiff's Facebook ID "was disclosed *alongside the viewed video's URL and name*." *Id.* at *3 (quoting *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 159 (S.D.N.Y. 2023) (emphasis in original)). As the court plainly stated: "disclosing a website subscription isn't enough to satisfy the VPPA's [personally identifiable information] element." *Id.* at *4.

As Cengage has consistently asserted, the *Lovettt* Court found it immaterial which standard applied for evaluating personally identifiable information under the VPPA, "because . . . both standards limit PII to information that will allow a third-party to determine what videos a person has watched." *Id.* at *3. A mere subscription does not meet this threshold:

> If Continued divulged only Lovett's website subscription, as she alleges, that alone "does not indicate that Lovett requested or obtained specific video materials" on the speechpathology.com website. It merely indicates that Lovett *could* access videos on the website. And that's not sufficient to bring Lovett within the VPPA's reach.

*Id.* (quoting *Martin v. Meredith Corp.*, 657 F. Supp. 3d 277, 284 (S.D.N.Y. 2023) (emphasis in original) (internal citations omitted)).

The same conclusion is compelled here. Plaintiff, like the plaintiff in *Lovett*, alleges only that her subscription to an online educational course was disclosed via the Meta Pixel—not any specific video titles she viewed. This omission is fatal to her claim. As the Southern District of

2

Ohio emphasized, "Lovett merely alleges that Continued disclosed her [Facebook Identification Number] and her website subscription, not the specific videos or content she viewed. But none of the courts in the cases she cites found that support of disclosure sufficient to create VPPA liability. And neither does this Court." *Lovett*, No. 1:24-cv-590, 2025 WL 1809719, at *4. Plaintiff's Complaint here suffers the same legal deficiency. It fails to plausibly allege disclosure of "personally identifiable information" as defined under the VPPA.

Accordingly, this Court should reject the Report and Recommendation and grant Cengage's Motion to Dismiss in full.

|  |  |
|---|---|
| Dated: July 21, 2025 | Respectfully submitted,<br>/s/ *Jennifer Snyder Heis*<br>Jennifer Snyder Heis (0076181) (Trial Attorney)<br>Kevin M. Bandy (0095721)<br>UB GREENSFELDER LLP<br>312 Walnut Street, Suite 1400<br>Cincinnati, OH 45202<br>Telephone: (513) 698-5058<br>Fax: (513) 698-5001<br>jheis@ubglaw.com<br>kbandy@ubglaw.com<br><br>Matthew C. Wolfe (admitted *pro hac vice*)<br>SHOOK, HARDY & BACON L.L.P.<br>111 S. Wacker Dr., Suite 4700<br>Chicago, IL 60606<br>Telephone: (312) 704-7700<br>Fax: (312) 558-1195<br>mwolfe@shb.com<br><br>Jenn O. Hatcher (admitted *pro hac vice*)<br>Kevin M. Cole (admitted *pro hac vice*)<br>SHOOK, HARDY & BACON L.L.P.<br>2555 Grand Blvd<br>Kansas City, MO 64108<br>Telephone: (816) 474-6550<br>Fax: (816) 421-5547<br>jhatcher@shb.com<br>kcole@shb.com<br>***Counsel for Defendant, Cengage Learning, Inc.*** |

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Jennifer Snyder Heis*
Jennifer Snyder Heis

***Counsel for Defendant,
Cengage Learning, Inc.***