UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| ALEXANDRIA HAINES, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>CENGAGE LEARNING, INC.,<br><br>      Defendant. | Civil Action No. 1:24-cv-00710-MWM |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Plaintiff Alexandria Haines respectfully submits this response to Defendant's Notice of Supplemental Authority in Support of its Objections to the Report and Recommendation. *See* Defendant's Notice ("Notice"), ECF No. 24. In support, Plaintiff states as follows:

1. For a second time, Defendant has filed a notice with this Court that omits critical information about the subsequent authority that it asks the Court to consider. This time, the Notice informs this Court of *Lovett v. Continued.com, LLC*, No. 1:24-cv-590, 2025 WL 1809719 (S.D. Ohio July 1, 2025). The Notice fails to advise this Court that the dismissal was without prejudice, that an amended complaint has since been filed, and that the briefing on the motion to dismiss in that case is nearly complete. A copy of the amended complaint from *Lovett* is attached hereto as **Exhibit A**. The *Lovett* decision is not, however, controlling on the questions presented in this case for several reasons.

2. First, Plaintiff's theory for her VPPA claim is different from the theory initially pursued by Ms. Lovett. The Complaint in this case involves the pixel-based disclosure of specific prerecorded course titles and the titles and URLs of subscriptions, by alleging that "when Plaintiff purchased the "Medical Billing and Coding" online course, the course type, the **specific title and URL of the prerecorded video material, and her request to "ENROLL NOW" to complete her purchase was transmitted to Meta** alongside Plaintiff's FID[.]" *See* ECF No. 1 at Page ID 4. Ms. Lovett's complaint only pursued her VPPA claim based on the pixel-based disclosure of her website subscription alone. Therefore, this case is distinguishable on this ground alone.

3. Second, Plaintiff respectfully submits that the court in *Lovett* reached the wrong conclusion because its holding is contradicted by the VPPA's plain text. The VPPA defines "personally identifiable information" as "information which identifies a person as having

1

requested or obtained **specific video materials or services** from a video tape service provider." 18 U.S.C. § 2710(a)(3) (emphasis added). The *Lovett* court overlooked the conjunctive and applied decisions from VPPA cases involving a company's pixel-based disclosure of specific video materials to Ms. Lovett's case that involved the pixel-based disclosure of specific video services, which was clear error and unsupported by the VPPA's plain text. Chief Magistrate Judge Litkovitz's R&R correctly recognized this distinction when observing that "defendant's emphasis on the lack of a specific video title in the complaint does not appear warranted by the text of the statute." ECF No. 18, at Page ID 161.

4. Third, the complaint in *Lovett* has been amended and remains pending to date. The amended allegations in *Lovett* align with the allegations before this Court and are likely to withstand the pending motion to dismiss for the reasons articulated by Judge Litkovitz's R&R. A copy of Ms. Lovett's Response to Defendant Continued.com, LLC's Second Motion to Dismiss is attached hereto as **Exhibit B**. Plaintiff Haines fully adopts and incorporates by reference the compelling arguments made within Ms. Lovett's response as further reasons this Court should overrule Defendant's objections to the R&R.

5. Finally, Plaintiff informs this Court of *Archer v. NBCUniversal Media LLC*, No. 2:24-CV-10744-AB-JC, ECF No. 37 (C.D. Cal. July 2, 2025), which was issued after the briefing closed in this case. This Court should consider *Archer* rather than *Lovett* because *Archer* involved allegations more analogous to Plaintiff's allegations. *See id.*, at Page ID 226-227 ("Plaintiffs allege as follows. When a Facebook-enrolled consumer requests a prerecorded video product available for purchase by adding it to their shopping cart on Defendants' e-commerce website GRUV.com, the Meta Pixel technology on that website transmits to Meta the consumer's unencrypted FID; the title(s) of the prerecorded video requested by the consumer; and the URL

2

where the requested video is available for purchase. . . Thus, it follows that Plaintiffs properly alleged that Defendants disclosed Plaintiff's personally identifiable information to Meta by transmitting their FIDs, video titles, and video URLs to Meta when a consumer added a video to their shopping cart."). Additionally, *Archer* was issued by a jurisdiction applying the more onerous "ordinary person" approach, and the court still denied the motion to dismiss. Correctly so. A copy of the *Archer* decision is attached hereto as **Exhibit C** because it is not yet available on Westlaw or LEXIS.

Dated: July 21, 2025

Respectfully submitted,

**O'CONNOR, HASELEY & WILHELM LLC**

Daniel J. O'Connor Jr.
Ohio Bar No. 91397
O'Connor, Haseley & Wilhelm LLC
470 W. Broad St., Suite 15
Columbus, OH 43215
Telephone: (614) 572-6762
Facsimile: (614) 937-8872
doconnor@goconnorlaw.com

and

**HEDIN LLP**

Elliot O. Jackson (pro hac vice)
Florida Bar No. 1034536
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
ejackson@hedinllp.com

*Counsel for Plaintiff and Putative Class*

3