IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ALEXANDRIA HAINES, individually and on behalf of those similarly situated, | : : : | Case No. 1:24-cv-710 |
| Plaintiff, | : : | Judge Matthew W. McFarland |
| v. | : : | |
| CENGAGE LEARNING, INC., | : : | |
| Defendant. | : | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 18)**

---

This matter is before the Court upon the Report and Recommendation ("Report") of United States Magistrate Judge Karen L. Litkovitz (Doc. 18), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that this Court deny Defendant's Motion to Dismiss (Doc. 10). Defendant filed Objections to the Report (Doc. 19), to which Plaintiff responded (Doc. 20). Thus, the matter is ripe for the Court's review.

Defendant objects to the Report for several reasons. As an initial matter, the Court notes that many of Defendant's Objections largely restate the same arguments made in its briefing on its Motion to Dismiss (Doc. 10). "An exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections.", as rehashing the same arguments made previously defeats the purpose and efficiency of the Federal Magistrate's Act under 28 U.S.C. § 636. *Stewart v. Sheldon*, No. 1:19-CV-2283, 2022

WL 1289229, at *4 (N.D. Ohio Apr. 29, 2022) ("Because Petitioner's objection is a mere restatement of arguments previously before the Court and thoughtfully analyzed by the assigned magistrate judge, it is not a proper objection and the Court need not conduct *de novo* review."); *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). For many of its Objections, Defendant fails to demonstrate any factual or legal error in the Magistrate Judge's thorough and well-reasoned Report. The Court will detail these Objections below.

In the first Objection, Defendant argues that the Report erred in finding that Plaintiff has Article III standing. (Objections, Doc. 19, Pg. ID 174.) Rather than attack one specific finding though, Defendant repeats the same arguments made in its Motion, Reply, and oral argument, then couches those arguments with the claim that the Report made an incorrect finding in Plaintiff's favor on those arguments. (*See* Motion, Doc. 10, Pg. ID 63-66; Reply, Doc. 14, Pg. ID 106-09; Objections, Doc. 19, Pg. ID 174.) Defendant seemingly admits this when it states that the Report "misapprehends" its position: "As stated in its initial briefing and at oral argument, [Defendant]'s position is that the Report's recommendation fails to acknowledge the key deficiencies in Plaintiff's allegations." (Objections, Doc. 19, Pg. ID 174.) Defendant thus concedes that it made the same arguments in briefing and oral argument that it does in opposition to the Report. Such restatements amount to a failure to object. *See Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018); *Stewart*, 2022 WL 1289229, at *4; *Aldrich*,

2

327 F. Supp. 2d at 747. Furthermore, the Objections have the same issue as the Motion with regard to the question of standing: "they go directly to the merits of [P]laintiff's VPPA claim." (Report, Doc. 18, Pg. ID 156.) Defendant contends that Plaintiff did not plead with specificity the video titles in her Complaint. (Objections, Doc. 19, Pg. ID 175.) Not only is the Objection a restatement of prior arguments, but it fails to address Plaintiff's standing and attacks the claim's merits instead. So, even considering the Objection, the Court does not find it well-taken.

Defendant next argues that the Report erred in recommending that Plaintiff adequately pled her Video Privacy Protection Act ("VPPA") claims for several reasons. (Objections, Doc. 19, Pg. ID 175.) Defendant reiterates the same reasoning on the VPPA statutory language that it had stated in its briefing, and that the Report already considered. (*See* Motion, Doc. 10, Pg. ID 67-71; Report, Doc. 18, Pg. ID 159-68; *see also* Response to Objections, Doc. 20, Pg. ID 193-94 ("Defendant attempts to rehash its statutory construction argument . . . . Defendant is merely repeating its call for this Court adopt the non-binding 'ordinary person' standard . . . for PII.").) For instance, both in its Motion and Objections, Defendant asserts that the Court should adopt out-of-circuit interpretations of the VPPA to avoid an interpretation that "would render the definition [of specific video materials] limitless." (Motion, Doc. 10, Pg. ID 69; Objections, Doc. 19, Pg. ID 177.) Indeed, Defendant used the same argument in both its Motion and Objections; the only difference in the Objections was Defendant's comment that the Report erred in its finding against the argument.

3

Nevertheless, Defendant contends that the Magistrate Judge erred in reaching her conclusion, stating that the Report "goes one step further" in accepting as true Plaintiff's "conclusory allegation that she purchased prerecorded video material satisfies her burden of alleging the specific video materials supposedly disclosed by Cengage. (Objections, Doc. 19.) Although this sounds like a specific objection, it mirrors the exact argument Defendant made in its Motion: "Despite her assertion otherwise, a subscription to broadly access an online educational course, without more, is not tantamount to a disclosure of a specific individual's video-watching behavior." (Motion, Doc. 10, Pg. ID 69 (cleaned up).) Besides stating that the Report made the wrong finding on this point, the Objection does not point to any specific finding as erroneous beyond re-arguing the same statements it made throughout briefing and oral argument. And, as Defendant objects to the Report's finding that the URL does not indicate that the Plaintiff requested video materials, as required by the VPPA, the Court notes that Defendant made these precise arguments in its Motion. (Objections, Doc. 19, Pg. ID 179-82; Motion, Doc. 8, Pg. ID 69-71.) These Objections, too, are not well-taken. *Bradley*, 2018 WL 5084806, at *3; *Stewart*, 2022 WL 1289229, at *4; *Aldrich*, 327 F. Supp. 2d at 747.

Defendant also objects to the Report's reliance on cases that do not require "granular specificity at the pleading stage" for VPPA claims. (Objections, Doc. 19, Pg. ID 182.) This Objection is indeed specific to the Report's finding, and thus warrants review by the Court. The Report states that courts reviewing similar complaints to Plaintiff's "have not demanded" that a plaintiff needs to allege the specific video content requested or obtained from a defendant in order to plead a VPPA claim. (Report, Doc. 18, Pg. ID

4

162 (collecting cases).) Defendant objects to this finding, arguing that the cases mentioned involved plaintiffs "who have alleged far more than Plaintiff here—including that the defendant disclosed the specific name of the video materials watched or obtained by the plaintiff." (Objections, Doc. 19, Pg. ID 182.)

But, the Court disagrees that Plaintiff must include the specific name of the video materials. And, the Sixth Circuit has not required such specificity. *Salazar v. Paramount Global*, 133 F.4th 642, 651-52 (6th Cir. 2025). Plaintiff alleged the name of the course that included the specific video materials at issue, and that Defendant disclosed her private viewing information to Meta. (Compl., Doc. 1, ¶¶ 12-13.) By comparison, in *Salazar*, the plaintiff merely alleged that he watched video material from 247sports.com with his subscription, and did not allege the specific video titles he viewed. *See* Complaint, ¶¶ 46-49, 683 F. Supp.3d 727 (M.D. Tenn. 2023) (3:22-cv-756), *aff'd*, 133 F.4th 642 (6th Cir. 2025). Although the court ultimately dismissed the plaintiff's complaint, its reasoning had nothing to do with the plaintiff's failure to include the titles of the videos he viewed. *Salazar*, 133 F4th at 653; *see also* 683 F. Supp.3d 727 (M.D. Tenn. 2023). Like the complaint in *Salazar*, Plaintiff here has pled a VPPA cause of action with the requisite specificity to state a claim for relief; the Court agrees with the Report that "granular specificity" need not be included in her Complaint.

Finally, Defendant's Objection to the Report's finding that Plaintiff sufficiently alleged the identification of a specific person's video watching habits is similarly repetitive. (*See* Objections, Doc. 19, Pg. ID 183.) Defendant critiques the Report's declination to adopt either approach presented by the circuit split on the issue. (*Id.*) The

5

Objection states that this error is "twofold." (*Id.*) First, Defendant argues that this Court should adopt the ordinary person test, as out-of-circuit courts have. (*Id.*) But again, Defendant already argued this in the Motion. (Doc. 10, Pg. ID 67-68; Reply, Doc. 14, Pg. ID 110.) Defendant does not provide any new reasoning for why the Report should adopt this test.

Second, Defendant states that, if the Court applies the ordinary person test, "it becomes clear that Plaintiff has failed to adequately allege the disclosure of her specific identity." (Objections, Doc. 19, Pg. ID 184.) The Objection continues by explaining why new case law is applicable here. (*Id.* (citing *v. Flipps Media, Inc.*, F.4th__, 2025 WL 1256641, at *1 (2d. Cir. May 1, 2025)).) While the Report was filed only days after the *Solomon* decision came out, and does not mention *Solomon*, the reasoning behind the court's decision in *Solomon* mirrors the same arguments Defendant made in its briefing: a Facebook ID is not personally identifiable information. (*Id.*) Defendant's Motion states this same principle, albeit by citing different cases. (*See* Motion, Doc. 10, Pg. ID 71-72.)

And, if the Court does consider Defendant's Objection novel because of its use of *Solomon*, the Objection is still not well-taken. As Plaintiff aptly points out, *Solomon* is an unbinding decision and sits "in stark contrast to the vast majority of federal district and circuit courts that have held" the opposite about a Facebook ID. (Response, Doc. 20, Pg. ID 195.) As the Report states, an individual need only include the Facebook ID in the Facebook URL to pull up a user's entire profile, which contains the name and other identifiable information for that user. (Report, Doc. 18, Pg. ID 163-64 (collecting cases).) And, the Sixth Circuit has clearly stated that it "break[s] with the Second and Seventh

6

Circuits' approach," and finds that personally identifiable information does not always have to "identify a person as having requested or obtained specific video materials or services" for purposes of a VPPA claim. *Salazar,* 133 F.4th at 651-52. Thus, the Court agrees with the Report's finding that a Facebook ID constitutes personally identifiable information.

\* \* \*

The Court also notes that Defendant filed two Notices of Supplemental Authority on July 9, 2025, and July 21, 2025, to inform the Court of recent decisions affirming the dismissal of VPPA claims. (Docs. 21, 24.) To start, Defendant asserts that a new Second Circuit decision supports its argument that personally identifiable information does not include "information that only a sophisticated technology company could use in order to identify a consumer's video-watching habits." (*Id.* (quoting *Hughes v. National Football League,* No. 24-2656, 2025 WL 1720295 (2d. Cir. June 20, 2025)) (cleaned up).)

Plaintiff, however, responded to this Notice and requested that the Court not consider the supplemental authority for several reasons. First, Plaintiff points out that the *Hughes* decision is a Summary Order, and, as such, does not have precedential effect. (Response, Doc. 22, Pg. ID 211.) Second, Plaintiff asserts that the opinion provides "no persuasive value for the compelling reasons" articulated in her Response to Defendant's Objections. (*Id.*) Put differently, Plaintiff states that Defendant's reliance on this opinion contradicts other arguments it has made that leave room for "numerical identifiers to qualify" as personal identifiable information. (*Id.*) Finally, Plaintiff notes that, in *Solomon*, a Second Circuit case involving the same issues as *Hughes*, the appellant has requested

an *en banc* hearing, which is pending and "may imminently lead to the reversal of both *Solomon* and *Hughes*." (*Id.* at 212.)

In its Reply, Defendant focuses solely on Plaintiff's argument that the Summary Order in *Hughes* does not have a precedential effect. (Reply, Doc. 23, Pg. ID 244-45.) Defendant claims that the Second Circuit found no need to give precedential effect to *Hughes* because it reinforces the decision in *Solomon*. (*Id.* at 244.) The Court, however, reiterates that it did not consider *Solomon* because it is unbinding and sits "in stark contrast" to the majority of district courts. For the same reason, the Court does not find *Hughes* to be persuasive and will not consider it here.

The second Notice informs the Court of a recent decision within the Southern District of Ohio. (Notice, Doc. 24 (citing *Lovett v. Continued.com, LLC*, 1:24-CV-590, 2025 WL 1809719 (S.D. Ohio July 1, 2025)).) But, Plaintiff correctly points out that the plaintiff in *Lovett* failed to allege that the defendant disclosed the specific video URL to Meta, unlike Plaintiff's claims here. (Supplemental Memordandum, Doc. 25, Pg. ID 270-71.) Rather, the plaintiff only alleged that the defendant disclosed her subscription to the website where she accessed videos. (*Id.*) Further, the court in *Lovett* dismissed the claim without prejudice, and the plaintiff has since amended the complaint, bringing claims more similar to those here. (*Id.*) Thus, dismissing Plaintiff's claims based on the dismissal in *Lovett* is inappropriate. The decision in *Lovett* does not affect this decision.

\*     \*     \*

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Defendant's Objections (Doc.

8

19) are not well taken and, therefore, **OVERRULED**. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 18) and **DENIES** Defendant's Motion to Dismiss (Doc. 10).

    **IT IS SO ORDERED.**

                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF OHIO

                                  By: _____
                                      JUDGE MATTHEW W. McFARLAND