**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| ALEXANDRIA HAINES, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No. 1:24-cv-00710-MWM |
| v. | ) | Hon. Matthew W. McFarland |
| CENGAGE LEARNING, INC., | ) | |
| Defendant. | ) | |

**CENGAGE LEARNING, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

## INTRODUCTION

Defendant Cengage Learning, Inc. ("Cengage"), by and through its undersigned counsel, hereby answers each of the numbered paragraphs of the Class Action Complaint filed by Plaintiff (the "Complaint"). Cengage denies all the Complaint's allegations unless expressly admitted herein. All headings and subheadings contained herein correspond with the headings and subheadings used in the Complaint and are included for organizational purposes only. Cengage denies all factual allegations included in headings and/or subheadings of the Complaint. Cengage answers the allegations in the like-numbered paragraphs of the Complaint as follows:

## NATURE OF THE CASE

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Cengage admits that Plaintiff purports to bring this action under the Video Privacy Protection Act, 18 U.S.C. § 2710 et seq. ("VPPA"), and denies the remaining allegations in Paragraph 1.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Cengage admits that it operates the www.ed2go.com website and the www.miladytraining.com website (collectively, the "Websites") and that certain pages of the Websites include the Meta Pixel, and denies the remaining allegations in Paragraph 2.

3. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies the allegations. Cengage denies that Plaintiff was a "subscriber" within the meaning of the VPPA. Plaintiff enrolled in a course through Ed2Go, which does not require access to video content. Plaintiff did not enroll in any courses through Milady Training and did not receive video services.

4. Cengage denies the allegations in the first sentence of Paragraph 4 of the Complaint. Cengage lacks sufficient information or belief on which to admit or deny the allegations in the remainder of Paragraph 4 and therefore denies the allegations.

5. Cengage denies the allegations in Paragraph 5.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 6.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 7.

## PARTIES

### I. Plaintiff Alexandria Haines

8. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies them.

9. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies them.

10. Cengage admits that Plaintiff enrolled in an online course through Cengage's www.ed2go.com website in or around March 2023. Cengage denies that this court requires access to any specific video or content. Cengage further denies that Plaintiff is a consumer of prerecorded video material sold on its website. Cengage lacks sufficient information or belief on which to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies them.

12. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them.

13. Cengage denies the allegations in Paragraph 13. Cengage specifically denies that any of Plaintiff's personally identifiable information was disclosed to Meta in connection with Plaintiff's course activities on the Ed2Go platform, and avers that the Meta Pixel is not present on the Ed2Go platform's student portal where course content (including student coursework and video content) can be accessed. Cengage further avers that the Ed2Go platform does not host any video titled "Medical Billing and Coding," nor does it track or transmit user-specific video viewing data.

14. Cengage denies the allegations in Paragraph 14. Cengage specifically denies that Plaintiff's enrollment or activity on the Websites resulted in the disclosure of any video viewing history to Meta or any other third parties. Cengage avers that the Meta Pixel was implemented only on certain marketing and enrollment pages on the Websites, and did not collect or transmit any video titles, URLs, or user-specific viewing data to Meta.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 15.

**II. Defendant Cengage Learning, Inc.**

16. Defendant denies Paragraph 16 to the extent it alleges that Cengage sells subscriptions "to access prerecorded video content." Cengage sells educational courses, some of which may include a prerecorded video content.

## JURISDICTION AND VENUE

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent any response is required, Cengage admits that its headquarters and principal place of business is in Mason, Ohio but denies the remaining allegations in Paragraph 18.

**VIDEO PRIVACY PROTECTION ACT**

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Cengage refers the Court to the document cited therein for a complete and accurate statement of its contents.

21. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies the allegations. To the extent Paragraph 21 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

22. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies the allegations. To the extent Paragraph 22 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

23. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies the allegations. To the extent Paragraph 23 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

24. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies the allegations. To the extent Paragraph 24 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

25. Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 25.

## BACKGROUND FACTS

### I. Consumers' Personal Information Has Real Market Value

26. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies the allegations. To the extent Paragraph 26 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

27. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 27 of the Complaint and therefore denies the allegations. To the extent Paragraph 27 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

28. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies the allegations. To the extent Paragraph 28 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

29. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies the allegations. To the extent

Paragraph 29 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

30. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies the allegations. To the extent Paragraph 30 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

31. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies the allegations. To the extent Paragraph 31 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

32. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies the allegations. To the extent Paragraph 32 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

33. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies the allegations. To the extent Paragraph 33 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

34. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 34 of the Complaint and therefore denies the allegations. To the extent Paragraph 34 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

35. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 35 of the Complaint and therefore denies the allegations. To the extent Paragraph 35 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

36. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies the allegations. To the extent Paragraph 36 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

37. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies the allegations. To the extent Paragraph 37 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents. Otherwise denied.

## II. Consumers Place Monetary Value on Their Privacy and Consider Privacy Practices When Making Purchases

38. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies the allegations.

39. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 39 of the Complaint and therefore denies the allegations. To the extent Paragraph 39 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

40. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 40 of the Complaint and therefore denies the allegations. To the extent

Paragraph 40 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

41. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 41 of the Complaint and therefore denies the allegations. To the extent Paragraph 41 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

42. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 42 of the Complaint and therefore denies the allegations. To the extent Paragraph 42 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

## III. Defendant Uses the Meta Pixel to Systematically Disclose its Customers' Private Viewing Information to Meta

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 43.

### A. The Meta Pixel

44. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 44 of the Complaint and therefore denies the allegations.

45. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 45 of the Complaint and therefore denies the allegations.

46. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 46 of the Complaint and therefore denies the allegations. To the extent Paragraph 46 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

47. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 47 of the Complaint and therefore denies the allegations. To the extent Paragraph 47 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

48. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 48 of the Complaint and therefore denies the allegations. To the extent Paragraph 48 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

49. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 49 of the Complaint and therefore denies the allegations. To the extent Paragraph 49 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

50. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 50 of the Complaint and therefore denies the allegations. To the extent Paragraph 50 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

51. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 51 of the Complaint and therefore denies the allegations. To the extent Paragraph 51 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

52. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 52 of the Complaint and therefore denies the allegations. To the extent

Paragraph 52 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

53. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 53 of the Complaint and therefore denies the allegations.

54. Cengage lacks sufficient information or belief on which to admit or deny the allegations in the first sentence of Paragraph 54 of the Complaint and therefore denies the allegations. Cengage denies the allegations in the second sentence of Paragraph 54.

55. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 55 of the Complaint and therefore denies the allegations.

56. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 56 of the Complaint and therefore denies the allegations. To the extent Paragraph 56 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

57. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 57 of the Complaint and therefore denies the allegations.

58. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 58 of the Complaint and therefore denies the allegations.

59. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 59 of the Complaint and therefore denies the allegations. To the extent Paragraph 59 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

### B. Defendant Knowingly Uses the Meta Pixel to Transmit the Private Viewing Information of its Customers to Meta

60. Cengage admits that it offers continuing education courses on its Website and that some of those courses include access to prerecorded videos. Cengage denies the remaining allegations in Paragraph 60.

61. Cengage admits that it maintains control over the Websites, that the Websites follow certain uniform policies, and that the Websites identify themselves as divisions of Cengage Learning. Cengage denies the remaining allegations in Paragraph 61.

62. Cengage admits the allegations in Paragraph 62.

63. Cengage denies the allegations in Paragraph 63.

64. Cengage admits that certain pages of the Websites included the Meta Pixel and denies the remaining allegations in Paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 65 of the Complaint and therefore denies the allegations.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 67.

68. Cengage denies the allegations in Paragraph 68.

69. Cengage denies the allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 70.

## CLASS ACTION ALLEGATIONS

71. Paragraph 71 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Cengage admits that Plaintiff purports to bring this lawsuit as a class action on behalf of the class described in Paragraph 71 but denies that this action meets class certification requirements.

72. Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

73. Paragraph 73 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

74. Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

75. Paragraph 75 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

76. Paragraph 76 of the Complaint states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

## CAUSE OF ACTION
## Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710

77. Paragraph 77 of the Complaint states legal conclusions to which no response is required.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Cengage refers the Court to the document cited therein for a complete and accurate statement of its contents. Otherwise denied.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 79.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 81.

82. Paragraph 82 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 82.

83. Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 83.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 84.

85. Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 85.

## DEFENSES

Cengage asserts the following defenses and reserves the right to amend its answer to assert any additional defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate to assert such defenses. In asserting these defenses, Cengage does not assume the burden of proof for any issue that would otherwise rest on Plaintiff.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff and the putative class have no standing to bring this claim under Article III of the United States Constitution.

**THIRD DEFENSE**

Awarding Plaintiff and/or others alleged to be members of the putative class the relief sought in the Complaint would violate Cengage's rights to due process of law under the United States Constitution.

**FOURTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the applicable statute of limitations or statutes of repose. Plaintiff enrolled in the course in or around March 2023, and any alleged disclosures would have occurred at or near that time. The VPPA has a two-year statute of limitations, and Plaintiff's claims and the claims of others alleged to be members of the putative class may be time-barred.

**FIFTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches. Plaintiff agreed to the Student Enrollment Agreement, which included terms regarding data usage and privacy. Plaintiff's continued use of the Websites and acceptance of terms constitutes waiver of claims. Plaintiff's acceptance of the Privacy Policy and continued use of the Websites after being presented with disclosures regarding data practices constitutes waiver and estoppel. Further, any delay in

bringing suit prejudices Cengage's ability to investigate and respond, supporting a defense of laches.

**SIXTH DEFENSE**

Plaintiff and/or others alleged to be members of the putative class have not incurred any actual injury or damage as a result of any actions allegedly taken by Cengage. Plaintiff has not alleged any concrete harm or actual damages resulting from the alleged disclosures. Cengage did not transmit any personally identifiable information or video viewing data, and Plaintiff has not demonstrated any economic or reputational injury.

**SEVENTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because they consented to the alleged disclosures about which they complain through their interactions with Cengage and Meta.

**EIGHTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because the damages alleged to have been suffered are not compensable under the law. Even if Plaintiff could establish a technical violation, the VPPA does not permit recovery for speculative or de minimis harms. Plaintiff has not alleged any compensable injury under applicable law.

**NINTH DEFENSE**

If Plaintiff or others alleged to be members of the putative class have sustained any damages as alleged in the Complaint, which Cengage denies, such damages were proximately caused by subsequent and intervening or superseding acts of the Plaintiff and/or third parties, such that Cengage is not responsible or liable for any damages allegedly suffered. Any alleged harm

was caused by Plaintiff's own interactions with Meta or third-party platforms, including acceptance of Meta's terms and privacy settings, which govern data collection independent of Cengage's control.

**TENTH DEFENSE**

Plaintiff's claims and the claims of the others alleged to be members of the putative class are barred, in whole or in part, because no personally identifiable information was disclosed by Cengage in violation of the VPPA.

**ELEVENTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because Plaintiff did not request or obtain specific video materials as required under the VPPA. Enrollment alone does not constitute a request for or acquisition of specific video content under the statute.

**TWELVTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because any alleged disclosure was not made knowingly by Cengage. Cengage did not have actual knowledge that any data transmitted via the Meta Pixel would identify Plaintiff or any class member as having requested or obtained specific video materials. The student platform is segmented from the enrollment pages and does not contain tracking or advertising technologies. Cengage's implementation of the Meta Pixel was limited to publicly available webpages and did not involve transmission of video-related data.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the student platform where videos are hosted is technically and functionally separate from the enrollment pages, and does not contain advertising or tracking technology.

**FOURTEENTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by her acceptance of the cookie consent banner and Privacy Policy presented on the Ed2Go website. These disclosures informed Plaintiff of the use of cookies, pixels, and third-party advertising technologies. Plaintiff's continued use of the website after being presented with these disclosures constitutes informed consent to the alleged data practices.

**FIFTEENTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the jury trial waiver contained in the Student Enrollment Agreement signed by Plaintiff.

**SIXTEENTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the choice-of-law provision in the Student Enrollment Agreement, which designates California law as governing the interpretation and enforcement of the agreement.

**SEVENTEENTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the mandatory forum selection clause in the Student Enrollment Agreement, which requires that disputes be brought exclusively in state court in Riverside County, California.

Cengage reserves the right to supplement or modify the defenses asserted herein.

**PRAYER FOR RELIEF**

WHEREFORE, Cengage requests that the Court dismiss Plaintiff's claims, enter judgment in Defendant's favor and against Plaintiff on their Complaint, and such other relief as this Court deems just and proper, including:

A. Denial of class certification;

B. Dismissal of Plaintiff's claims with prejudice;

C. Denial of all relief requested by Plaintiff, including injunctive or declaratory relief;

D. Reasonable attorneys' fees and costs; and

E. All other relief to which Defendant might be entitled at law or equity.

Dated: October 17, 2025

Respectfully submitted,

*/s/ Jennifer Snyder Heis*

Jennifer Snyder Heis (0076181) (Trial Attorney)
Kevin M. Bandy (0095721)
UB GREENSFELDER LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 698-5058
Fax: (513) 698-5001
jheis@ubglaw.com
kbandy@ubglaw.com

Jenn O. Hatcher (admitted pro hac vice)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd Kansas City, MO 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
jhatcher@shb.com

Matthew C. Wolfe (admitted *pro hac vice*)
Nicholas R. Hazen (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700
Fax: (312) 558-1195
mwolfe@shb.com
nhazen@shb.com

***Counsel for Defendant Cengage Learning, Inc.***