IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| Alexandria Haines, | : | Case No. 1:24 -cv-710 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| Cengage Learning, Inc., | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on September 30, 2025.

**A.      MAGISTRATE CONSENT**

The parties:

☐   Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☒   Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐   Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____

_____

.      _____

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B.** **RULE 26(a) DISCLOSURES**

☒ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☐ The parties will exchange such disclosures by <u>October 10, 2025</u>.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**: Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.** **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of

Plaintiff's Position: Plaintiff anticipates that discovery will need to be conducted on (a) the types of tracking technologies Defendant installed on the websites where it sells video courses to consumers (collectively, the "Websites"), the ways in which those tracking technologies monitored, tracked, and disclosed to third parties the actions taken by the consumers who visited the Websites during the relevant time period, and Defendant's control, operation, and ownership of the Websites in question during the relevant time period; (b) whether the video courses requested or obtained by Plaintiff and Class members on the Websites constituted pre-recorded video products or services within the meaning of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710; (c) whether Defendant disclosed Plaintiff's and Class members' personally identifiable information along with the titles of the video courses they requested or obtained on its Websites to third parties; (d) whether such disclosures were made by Defendant knowingly; (e) the form and manner of consent, if any, Defendant obtained from Plaintiff and Class members prior to making such disclosures; (f) whether Defendant's conduct violated the VPPA; and (g) the relief, including the aggregate sum of statutory damages, to which Plaintiff and Class members are entitled as a result of Defendant's violations of the VPPA.

Defendant's Position: Defendant anticipates that it will need to conduct discovery on (a) Plaintiff's enrollment in courses offered by Cengage on www.ed2go.com ("Ed2Go"); (b) whether Plaintiff accessed videos on Ed2Go for each of the Ed2Go courses in which she was enrolled; (b) whether Plaintiff was enrolled in any courses offered by Cengage through www.miladytraining.com ("Milady"); (c) whether Plaintiff accessed videos on Milady for each of the Milady courses in which she was enrolled, if any; (d) whether Plaintiff's personal information is disclosed on her Meta account; (e) whether Plaintiff reviewed and acknowledged Cengage's Privacy Policy and Cookie Consent before enrolling in courses offered by Cengage; and (f) information relevant to whether class certification is appropriate in this action, including whether putative class members encountered different user experiences when accessing Cengage course material, and whether putative class members employed Cookie-blocking technology or other technology

2

to prevent the operation of Pixel on Cengage's website. Defendant's investigation of the claims and defenses at issue is ongoing, and Defendant reserves the right to seek discovery on additional topics not listed here.

2. The parties recommend that discovery

   ☒ need not be bifurcated.

   ☐ Should be bifurcated between liability and damages.

   ☐ Should be bifurcated between factual and expert.

   ☐ Should be limited to or focused upon issues relating to _____.

3. Disclosure and report of Plaintiff's expert(s) by <u>May 29, 2026</u>.

4. Disclosure and report by Defendant's expert(s) by <u>June 29, 2026</u>.

5. Disclosure and report of rebuttal expert(s) by <u>July 29, 2026</u>.

6. Disclosure of non-expert (fact) witnesses by <u>August 28, 2026</u>.

7. Discovery cut-off <u>September 29, 2026</u>.

8. Anticipated discovery problems

   ☐ _____

   ☒ None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

   Plaintiff's Position: To make a settlement evaluation, Plaintiff requested that Defendant produce copies of all potentially applicable policies of insurance as well as the number of persons who purchased video courses on the Websites in question during the relevant time period. In response, Defendant advised Plaintiff that there are no potentially applicable policies of insurance and provided Plaintiff the number of persons who purchased video courses on its Websites during the relevant time period, and the parties are presently engaged in settlement discussions. To prepare for case-dispositive motions and trial, Plaintiff will require discovery from Defendant, as well as from the third-party recipients of the data transmissions

at issue, concerning the subjects listed in Section C.1 above.

    Defendant's Position: Defendant anticipates that it will need to obtain records from Plaintiff and third parties in this matter concerning the subjects listed in Section C.1 above, in order to defend against Plaintiff's claims in case-dispositive motions and trial, and to evaluate potential settlement options.

10. **Discovery of Electronically Stored Information**. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    ☒ Yes, the Parties consent to entry of the One Tier Protective Order.
    ☐ No

    i. The parties have electronically stored information in the following formats: **N/A**

    ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced: **N/A**

11. **Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    ☒ Yes

    ☐ No

    i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

    ii. Have the parties agreed on a procedure to assert such claims AFTER production?

    ☒ No

    ☐ Yes

    ☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

D. **LIMITATIONS ON DISCOVERY**

    1. Change in the limitations on discovery

☐ Increase the amount of time (currently 1 day of 7 hours) permitted to complete depositions ___.

☐ Increase the number of depositions (currently 10) permitted to _____.

☐ Increase the number of interrogatories (currently 25) permitted to_____.

☒ None.

E. **PROTECTIVE ORDER**

☒ A protective order will be submitted to the Court on or before October 31, 2025.

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

F. **SETTLEMENT**

A settlement demand ☒ has or ☐ has not been made.

A response to the demand ☒ has or ☐ has not been made.

A demand can be made by _____.

A response can be made by _____.

G. **MOTION DEADLINES**

    **1.** Motion to amend the pleadings and/or add parties by March 31, 2026.

    **2.** Motions related to the pleadings by April 17, 2026.

    **3.** Dispositive motions by December 17, 2026.

    **4.** Motions for class certification by October 30, 2026.

H.  **OTHER MATTERS**

None.

 

**Signatures**:

| | |
|---|---|
| /s/ Elliot O. Jackson | /s/ Jennifer Snyder Heis |
| Elliot O. Jackson (admitted *pro hac vice*) | Jennifer Snyder Heis (0076181) (Trial Attorney) |
| Florida Bar No. 1034536 | |
| **HEDIN LLP** | Kevin M. Bandy (0095721) |
| 1395 Brickell Ave., Suite 610 | UB GREENSFELDER LLP |
| Miami, Florida 33131-3302 | 312 Walnut Street, Suite 1400 |
| Telephone: (305) 357-2107 | Cincinnati, OH 45202 |
| Facsimile: (305) 200-8801 | Telephone: (513) 698-5058 |
| ejackson@hedinllp.com | Fax: (513) 698-5001 |
| | jheis@ubglaw.com |
| and | kbandy@ubglaw.com |
| | |
| **O'CONNOR, HASELEY & WILHELM LLC** | Matthew C. Wolfe (admitted *pro hac vice*) |
| | SHOOK, HARDY & BACON L.L.P. |
| Daniel J. O'Connor Jr. | 111 S. Wacker Dr., Suite 4700 |
| Ohio Bar No. 91397 | Chicago, IL 60606 |
| O'Connor, Haseley & Wilhelm LLC | Telephone: (312) 704-7700 |
| 470 W. Broad St., Suite 15 | Fax: (312) 558-1195 |
| Columbus, OH 43215 | mwolfe@shb.com |
| Telephone: (614) 572-6762 | |
| Facsimile: (614) 937-8872 | Jenn O. Hatcher (admitted *pro hac vice*) |
| doconnor@goconnorlaw.com | Nicholas R. Hazen (admitted *pro hac vice*) |
| | SHOOK, HARDY & BACON L.L.P. |
| ***Counsel for Plaintiff and Putative Class*** | 2555 Grand Blvd Kansas City, MO 64108 |
| | Telephone: (816) 474-6550 |
| | Fax: (816) 421-5547 |
| | jhatcher@shb.com |
| | kcole@shb.com |
| | |
| | ***Counsel for Defendant, Cengage Learning, Inc*** |