**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ALEXANDRIA HAINES, individually and on behalf of all others similarly situated, | )    No.  1:24-cv-00710-MWM |
| | ) |
| | )    Hon. Matthew W. McFarland |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENGAGE LEARNING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CENGAGE LEARNING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**INTRODUCTION**

Defendant Cengage Learning, Inc. ("Cengage"), by and through its undersigned counsel, hereby answers each of the numbered paragraphs of the First Amended Class Action Complaint filed by Plaintiff (the "FAC").  Cengage denies all the FAC's allegations unless expressly admitted herein.   All headings and subheadings contained herein correspond with the headings and subheadings used in the FAC and are included for organizational purposes only.  Cengage denies all factual allegations included in headings and/or subheadings of the FAC.  Cengage answers the allegations in the like-numbered paragraphs of the FAC as follows:

**NATURE OF THE CASE**

1.      Paragraph 1 states a legal conclusion to which no response is required.  To the extent a response is required, Cengage admits that Plaintiff purports to bring this action under the Video Privacy Protection Act, 18 U.S.C. § 2710 et seq. ("VPPA"), and denies the remaining allegations in Paragraph 1.

2.       Paragraph 2 states a legal conclusion to which no response is required.  To the extent a response is required, Cengage admits that it operates the www.ed2go.com, www.miladytraining.com, www.eltngl.com, www.ngl.cengage.com, www.infosecinstitute.com, www.gale.com, and www.cengage.com websites (collectively, the "Websites") and that certain pages of the Websites include the Meta Pixel, and denies the remaining allegations in Paragraph 2.  Cengage denies that Plaintiff was a "subscriber" within the meaning of the VPPA. Plaintiff enrolled in a course through Ed2Go, which does not require access to video content.  Plaintiff did not enroll in any courses through Milady Training and did not receive video services.  Plaintiff also did not enroll in any courses through www.eltngl.com, www.ngl.cengage.com, www.infosecinstitute.com, or www.gale.com, and—other than in Paragraphs 2 and 19—her FAC does not include any allegations specific to these websites.

3.       Paragraph 3 states a legal conclusion to which no response is required.  To the extent a response is required, Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 3 of the FAC and therefore denies the allegations.

4.       Cengage denies the allegations in the first sentence and the final sentence of Paragraph 4 of the FAC.  Cengage lacks sufficient information or belief on which to admit or deny the allegations in the remainder of Paragraph 4 and therefore denies the allegations.

5.       Cengage denies the allegations in the first sentence and the final sentence of Paragraph 5 of the FAC.  Cengage lacks sufficient information or belief on which to admit or deny the allegations in the remainder of Paragraph 5 and therefore denies the allegations.

6.       Cengage denies the allegations in Paragraph 6.

7.       Paragraph 7 states a legal conclusion to which no response is required.  To the extent a response is required, Cengage denies the allegations in Paragraph 7.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 8.

**PARTIES**

**I. Plaintiff Alexandria Haines**

9. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 9 of the FAC and therefore denies them.

10. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 10 of the FAC and therefore denies them.

11. Cengage admits that Plaintiff enrolled in an online course through Cengage's www.ed2go.com website in or around March 2023. Cengage denies that this course requires access to any specific video or content. Cengage further denies that Plaintiff is a consumer of prerecorded video material sold on any of its Websites. Cengage lacks sufficient information or belief on which to admit or deny the remaining allegations in Paragraph 11 of the FAC and therefore denies them.

12. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 12 of the FAC and therefore denies them.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 13 of the FAC and therefore denies them.

14. Cengage denies the allegations in Paragraph 14. Cengage specifically denies that any of Plaintiff's personally identifiable information was disclosed to Meta or LinkedIn in connection with Plaintiff's course activities on the Ed2Go platform, and avers that the Meta Pixel and LinkedIn Insight Tag are not present on the Ed2Go platform's student portal where course

3

content (including student coursework and video content) can be accessed.  Cengage further avers that the Ed2Go platform does not track or transmit user-specific video viewing data.

For avoidance of doubt, at all relevant times the Ed2Go student portal—where any course content, including any prerecorded video material, could be accessed—was technically and functionally segregated from Cengage's marketing, catalog, and enrollment pages. No Meta Pixel, LinkedIn Insight Tag, or other tracking technology operated anywhere within the student portal, and no tracking technology had access to video materials, video titles, or any user-specific course activity.

15. Cengage denies the allegations in Paragraph 15.  Cengage specifically denies that any of Plaintiff's personally identifiable information was disclosed to Meta in connection with Plaintiff's course activities on the Ed2Go platform, and avers that the Meta Pixel is not present on the Ed2Go platform's student portal where course content (including student coursework and video content) can be accessed.  Cengage further avers that the Ed2Go platform does not host any video titled "Medical Billing and Coding," nor does it track or transmit user-specific video viewing data.

16. Cengage denies the allegations in Paragraph 16.  Cengage specifically denies that any of Plaintiff's personally identifiable information was disclosed to LinkedIn in connection with Plaintiff's course activities on the Ed2Go platform, and avers that the LinkedIn Insight Tag is not present on the Ed2Go platform's student portal where course content (including student coursework and video content) can be accessed.  Cengage further avers that the Ed2Go platform does not track or transmit user-specific video viewing data.

17. Cengage denies the allegations in Paragraph 17.  Cengage specifically denies that Plaintiff's enrollment or activity on the Websites resulted in the disclosure of any video viewing

history to Meta, LinkedIn, or any other third parties.  Cengage avers that the Meta Pixel and LinkedIn Insight Tag were implemented only on certain marketing and enrollment pages on the Websites, and did not collect or transmit any video titles, URLs, or user-specific viewing data to Meta.

18.     Paragraph 18 states a legal conclusion to which no response is required.  To the extent a response is required, Cengage denies the allegations in Paragraph 18.

**II.     Defendant Cengage Learning, Inc.**

19.     Defendant denies Paragraph 19 to the extent it alleges that Cengage sells "a wide range of prerecorded educational videos" and subscriptions "to access prerecorded video content." Cengage sells educational courses, some of which may include prerecorded video content. Cengage otherwise admits the allegations in Paragraph 19.

**JURISDICTION AND VENUE**

20.     Paragraph 20 of the FAC states a legal conclusion to which no response is required.

21.     Paragraph 21 of the FAC states a legal conclusion to which no response is required. To the extent any response is required, Cengage admits that its headquarters and principal place of business is in Mason, Ohio but denies the remaining allegations in Paragraph 21.

**VIDEO PRIVACY PROTECTION ACT**

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, Cengage denies the allegations in Paragraph 22.

23.      Paragraph 23 states legal conclusions to which no response is required.  To the extent a response is required, Cengage refers the Court to the document cited therein for a complete and accurate statement of its contents.

24.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 24 of the FAC and therefore denies the allegations.  To the extent Paragraph 24 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

25.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 25 of the FAC and therefore denies the allegations.  To the extent Paragraph 25 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

26.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 26 of the FAC and therefore denies the allegations.  To the extent Paragraph 26 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

27.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 27 of the FAC and therefore denies the allegations.  To the extent Paragraph 27 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

28.     Paragraph 28 states a legal conclusion to which no response is required.  To the extent a response is required, Cengage denies the allegations in Paragraph 28.

## BACKGROUND FACTS

### I.     Consumers' Personal Information Has Real Market Value

29.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 29 of the FAC and therefore denies the allegations.  To the extent

6

Paragraph 29 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

30. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 30 of the FAC and therefore denies the allegations. To the extent Paragraph 30 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

31. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 31 of the FAC and therefore denies the allegations. To the extent Paragraph 31 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

32. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 32 of the FAC and therefore denies the allegations. To the extent Paragraph 32 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

33. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 33 of the FAC and therefore denies the allegations. To the extent Paragraph 33 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

34. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 34 of the FAC and therefore denies the allegations. To the extent Paragraph 34 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

35.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 35 of the FAC and therefore denies the allegations.  To the extent Paragraph 35 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

36.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 36 of the FAC and therefore denies the allegations.  To the extent Paragraph 36 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

37.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 37 of the FAC and therefore denies the allegations.  To the extent Paragraph 37 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

## II.     Consumers Place Monetary Value on Their Privacy and Consider Privacy Practices When Making Purchases

38.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 38 of the FAC and therefore denies the allegations.

39.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 39 of the FAC and therefore denies the allegations.  To the extent Paragraph 39 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

40.     Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 40 of the FAC and therefore denies the allegations.  To the extent Paragraph 40 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

41. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 41 of the FAC and therefore denies the allegations. To the extent Paragraph 41 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

42. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 42 of the FAC and therefore denies the allegations. To the extent Paragraph 42 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

## III. Defendant Uses the Meta Pixel to Systematically Disclose its Customers' Private Viewing Information to Meta

43. Cengage admits that it offers continuing education courses on its Website and that some of those courses include access to prerecorded videos. Cengage denies the remaining allegations in Paragraph 43.

44. Cengage admits that it maintains control over the Websites, that the Websites follow certain uniform policies, and that the Websites identify themselves as divisions of Cengage Learning. Cengage denies the remaining allegations in Paragraph 44.

45. Cengage admits that to purchase access to educational courses on Cengage's Websites, a person must provide his or her name, email address, billing address, and payment information. Cengage otherwise denies the allegations in Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 46.

### A. The Meta Pixel

47. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 47 of the FAC and therefore denies the allegations.

9

48. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 48 of the FAC and therefore denies the allegations.

49. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 49 of the FAC and therefore denies the allegations. To the extent Paragraph 49 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

50. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 50 of the FAC and therefore denies the allegations. To the extent Paragraph 50 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

51. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 51 of the FAC and therefore denies the allegations. To the extent Paragraph 51 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

52. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 52 of the FAC and therefore denies the allegations. To the extent Paragraph 52 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

53. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 53 of the FAC and therefore denies the allegations. To the extent Paragraph 53 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

54. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 54 of the FAC and therefore denies the allegations. To the extent Paragraph 54 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

55. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 55 of the FAC and therefore denies the allegations. To the extent Paragraph 55 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

56. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 56 of the FAC and therefore denies the allegations.

57. Cengage lacks sufficient information or belief on which to admit or deny the allegations in the first sentence of Paragraph 57 of the FAC and therefore denies the allegations. Cengage denies the allegations in the second sentence of Paragraph 57.

58. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 58 of the FAC and therefore denies the allegations.

59. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 59 of the FAC and therefore denies the allegations. To the extent Paragraph 59 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

60. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 60 of the FAC and therefore denies the allegations.

61. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 61 of the FAC and therefore denies the allegations.

62. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 62 of the FAC and therefore denies the allegations. To the extent Paragraph 62 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

63. Cengage denies the allegations in Paragraph 63.

64. Cengage admits that certain pages of the Websites included the Meta Pixel and denies the remaining allegations in Paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 65 of the FAC and therefore denies the allegations.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 67.

68. Cengage denies the allegations in Paragraph 68.

69. Cengage denies the allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 70.

### B. The Insight Tag

71. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 71 of the FAC and therefore denies the allegations. To the extent Paragraph 71 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

72. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 72 of the FAC and therefore denies the allegations. To the extent Paragraph 72 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

73. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 73 of the FAC and therefore denies the allegations. To the extent Paragraph 73 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

74. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 74 of the FAC and therefore denies the allegations. To the extent Paragraph 74 is referring to a particular statement or statements, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

75. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 75 of the FAC and therefore denies the allegations. To the extent Paragraph 75 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

76. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 76 of the FAC and therefore denies the allegations. To the extent Paragraph 76 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents. Cengage denies the allegations in the final sentence of Paragraph 76.

77. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 77 of the FAC and therefore denies the allegations.

13

78. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 78 of the FAC and therefore denies the allegations.

79. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 79 of the FAC and therefore denies the allegations.

80. Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 80 of the FAC and therefore denies the allegations. To the extent Paragraph 80 is referring to a particular document or documents, Cengage refers the Court to the documents or sources cited therein for a complete and accurate recitation of their contents.

81. Cengage denies the allegations in Paragraph 81 of the FAC.

82. Cengage denies the allegations in Paragraph 82 of the FAC.

83. Cengage admits that certain pages of the Websites included the LinkedIn Insight Tag and denies the remaining allegations in Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, Cengage lacks sufficient information or belief on which to admit or deny the allegations in Paragraph 84 of the FAC and therefore denies the allegations.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 85.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 86.

87. Cengage denies the allegations in Paragraph 87.

88. Cengage denies the allegations in Paragraph 88.

89. Paragraph 89 states legal conclusions to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 89.

## CLASS ACTION ALLEGATIONS

90.     Paragraph 90 of the FAC states legal conclusions to which no response is required. To the extent any response is required, Cengage admits that Plaintiff purports to bring this lawsuit as a class action on behalf of the class described in Paragraph 90 but denies that this action meets class certification requirements.

91.     Paragraph 91 of the FAC states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

92.     Paragraph 92 of the FAC states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

93.     Paragraph 93 of the FAC states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

94.     Paragraph 94 of the FAC states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

95.     Paragraph 95 of the FAC states legal conclusions to which no response is required. To the extent any response is required, Cengage denies that this action meets class certification requirements.

## CLAIM FOR RELIEF
### Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710
### (By Plaintiff, Individually and on Behalf of the Class, Against Defendant)

96.     Paragraph 96 of the FAC states legal conclusions to which no response is required.

15

97. Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, Cengage refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 97.

98. Paragraph 98 states legal conclusions to which no response is required. To the extent a response is required, Cengage refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 98.

99. Paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, Cengage refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 99.

100. Paragraph 100 states legal conclusions to which no response is required. To the extent a response is required, Cengage refers the Court to the document cited therein for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 100.

101. Paragraph 101 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 101.

102. Paragraph 102 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 102.

103. Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, Cengage denies the allegations in Paragraph 103.

## **DEFENSES**

Cengage asserts the following defenses and reserves the right to amend its answer to assert any additional defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate to assert such defenses. In asserting these defenses, Cengage does not assume the burden of proof for any issue that would otherwise rest on Plaintiff.

**FIRST DEFENSE**

The FAC fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff and the putative class have no standing to bring this claim under Article III of the United States Constitution.  Plaintiff alleges no concrete harm—economic, reputational, or privacy-related—and pleads no facts showing that any third party actually identified her as having viewed or purchased any specific prerecorded video.

**THIRD DEFENSE**

Awarding Plaintiff and/or others alleged to be members of the putative class the relief sought in the FAC would violate Cengage's rights to due process of law under the United States Constitution.

**FOURTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the applicable statute of limitations or statutes of repose.  Plaintiff enrolled in the course in or around March 2023, and any alleged disclosures would have occurred at or near that time.  The VPPA has a two-year statute of limitations, and Plaintiff's claims and the claims of others alleged to be members of the putative class may be time-barred.

**FIFTH DEFENSE**

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.  Plaintiff agreed to the Student Enrollment Agreement, which included terms regarding data usage and privacy. Plaintiff's continued use of the Websites and acceptance of terms constitutes waiver of claims. Plaintiff's acceptance of the Privacy Policy and continued use of the Websites after being presented

with disclosures regarding data practices constitutes waiver and estoppel. Further, any delay in bringing suit prejudices Cengage's ability to investigate and respond, supporting a defense of laches.

## SIXTH DEFENSE

Plaintiff and/or others alleged to be members of the putative class have not incurred any actual injury or damage as a result of any actions allegedly taken by Cengage.  Plaintiff has not alleged any concrete harm or actual damages resulting from the alleged disclosures. Cengage did not transmit any personally identifiable information or video viewing data, and Plaintiff has not demonstrated any economic or reputational injury.

## SEVENTH DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because they consented to the alleged disclosures about which they complain through their interactions with Cengage, Meta, and LinkedIn.

## EIGHTH DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because the damages alleged to have been suffered are not compensable under the law.  Even if Plaintiff could establish a technical violation, the VPPA does not permit recovery for speculative or de minimis harms. Plaintiff has not alleged any compensable injury under applicable law.

## NINTH DEFENSE

If Plaintiff or others alleged to be members of the putative class have sustained any damages as alleged in the FAC, which Cengage denies, such damages were proximately caused by subsequent and intervening or superseding acts of the Plaintiff and/or third parties, such that

18

Cengage is not responsible or liable for any damages allegedly suffered. Any alleged harm was caused by Plaintiff's own interactions with Meta and/or LinkedIn or other third-party platforms, including acceptance of Meta and/or LinkedIn's terms and privacy settings, which govern data collection independent of Cengage's control.

## TENTH DEFENSE

Plaintiff's claims and the claims of the others alleged to be members of the putative class are barred, in whole or in part, because no personally identifiable information was disclosed by Cengage in violation of the VPPA.

## ELEVENTH DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because Plaintiff did not request or obtain specific video materials as required under the VPPA. Enrollment alone does not constitute a request for or acquisition of specific video content under the statute.

## TWELFTH DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because any alleged disclosure was not made knowingly by Cengage. Cengage did not have actual knowledge that any data transmitted via the Meta Pixel would identify Plaintiff or any class member as having requested or obtained specific video materials. The student platform is segmented from the enrollment pages and does not contain tracking or advertising technologies. Cengage's implementation of the Meta Pixel and LinkedIn Insight Tag was limited to publicly available webpages and did not involve transmission of video-related data.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the student platform where videos are hosted is technically and functionally separate from the enrollment pages, and does not contain advertising or tracking technology.

## FOURTEENTH DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by her acceptance of the cookie consent banner and Privacy Policy presented on the Ed2Go website. These disclosures informed Plaintiff of the use of cookies, pixels, and third-party advertising technologies. Plaintiff's continued use of the website after being presented with these disclosures constitutes informed consent to the alleged data practices.

## FIFTEENTH DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the jury trial waiver contained in the Student Enrollment Agreement signed by Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the choice-of-law provision in the Student Enrollment Agreement, which designates California law as governing the interpretation and enforcement of the agreement.

## SEVENTEENTH DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, by the mandatory forum selection clause in the Student Enrollment

Agreement, which requires that disputes be brought exclusively in state court in Riverside County, California.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she lacks any enrollment history, purchase history, account activity, video access, or course access on any Cengage website other than www.ed2go.com. Plaintiff did not register for, enroll in, request, obtain, purchase, or access any prerecorded video materials or services on www.miladytraining.com, www.eltngl.com, www.ngl.cengage.com, www.infosecinstitute.com, www.gale.com, or www.cengage.com. Plaintiff's First Amended Complaint contains no factual allegations establishing that she interacted with those websites in any manner, let alone in a way that could support a VPPA claim.

Because Plaintiff has no activity on these websites, Cengage did not and could not have disclosed any "personally identifiable information" identifying her as having requested or obtained prerecorded video materials from those platforms. Any alleged disclosures tied to those websites are factually impossible, unsupported by Plaintiff's own conduct, and legally insufficient to state a claim under the VPPA. Accordingly, all claims premised on alleged activity or alleged disclosures arising from any Cengage website other than www.ed2go.com fail as a matter of law.

## NINETEENTH DEFENSE

Plaintiff lacks Article III standing to assert any claim arising from www.miladytraining.com, www.eltngl.com, www.ngl.cengage.com, www.infosecinstitute.com, www.gale.com, www.cengage.com, or any other Cengage website besides www.ed2go.com. Plaintiff has no enrollment history, user account, purchase history, access credentials, course activity, video access, or interaction of any kind with those websites. Because Plaintiff never visited, used, or engaged with those platforms, she cannot show (1) a concrete injury-in-fact, (2) that any alleged

21

injury is fairly traceable to Cengage's conduct relating to those websites, or (3) that any alleged injury could be redressed by a favorable decision.

Any alleged transmission of personally identifiable information from those websites is factually impossible and legally insufficient to confer standing. See *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (requiring concrete, individualized harm); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). Plaintiff cannot establish that she was identified, tracked, or disclosed by any non-Ed2Go website because she never interacted with them. Accordingly, all claims premised on activity arising from any Cengage website other than Ed2Go must be dismissed for lack of subject-matter jurisdiction.

Cengage reserves the right to supplement or modify the defenses asserted herein.

### JURY DEMAND

Cengage requests a trial by jury in this matter.

### PRAYER FOR RELIEF

WHEREFORE, Cengage requests that the Court dismiss Plaintiff's claims, enter judgment in Defendant's favor and against Plaintiff on their FAC, and such other relief as this Court deems just and proper, including:

A. Denial of class certification;

B. Dismissal of Plaintiff's claims with prejudice;

C. Denial of all relief requested by Plaintiff, including injunctive or declaratory relief;

D. Reasonable attorneys' fees and costs; and

E. All other relief to which Defendant might be entitled at law or equity.

Dated: January 21, 2026

Respectfully submitted,

/s/ Jennifer Snyder Heis
Jennifer Snyder Heis (0076181) (Trial Attorney)
Kevin M. Bandy (0095721)
UB GREENSFELDER LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 698-5058
Fax: (513) 698-5001
jheis@ubglaw.com
kbandy@ubglaw.com

Jenn O. Hatcher (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd Kansas City, MO 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
jhatcher@shb.com
Matthew C. Wolfe (admitted *pro hac vice*)
Nicholas R. Hazen (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700
Fax: (312) 558-1195
mwolfe@shb.com
nhazen@shb.com

**Counsel for Defendant Cengage Learning, Inc.**

23

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Jennifer Snyder Heis
Jennifer Snyder Heis
